## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

**MARY WILLIS**                                                         **PLAINTIFF**

**v.**                                        **CIVIL ACTION NO.: 4:23-cv-197-DMB-JMV**

**RUSTY KEEN AND THE MISSISSIPPI**
**ANNUAL CONFERENCE OF THE**
**UNITED METHODIST CHURCH, INC.**                                     **DEFENDANTS**

## ORDER GRANTING MOTION TO STAY

This matter is before the court on Defendants' Motion [Doc. No. 25] filed March 5, 2024, to stay discovery pending the court's ruling on Defendants' 12(b)(6) motion to dismiss [Doc. No. 7] filed January 12, 2024. Plaintiff filed her Response [Doc. No. 27] in opposition to the motion to stay discovery on March 13, 2024, and Defendants filed their Reply [Doc. No. 29] on March 20, 2024. For the reasons that follow, the motion [Doc. No. 25] to stay discovery is GRANTED.

### Background

In her complaint [Doc. No. 1] filed on October 20, 2024, Plaintiff, an African American, female pastor, employed as such by the defendant Church alleges various Title VII offenses, including sex discrimination and race discrimination, as well as intentional race discrimination under 42 U.S.C. § 1981. Plaintiff contends she was hired by Defendant The Mississippi Annual Conference of the United Methodist Church, Inc. ("Church") in August 2016; and thereafter, Defendant Keen, her supervisor and an employee of the Church, "schedule[ed] meetings without her knowledge that she should have been included in due to her position, wr[ote] checks without consulting her, plann[ed] programs and invit[ed] speakers without consulting her, in our [sic] around April of 2019." Plaintiff alleges that Defendant Keen informed her that he did so

intentionally "because Plaintiff Willis was not an elder." Plaintiff contends she reported this alleged harassment to supervising bishops in April 2020 and December 2020. In July 2020, Plaintiff was informed her salary would be reduced and she would be transferred to a different church. On March 1, 2023, Plaintiff received a termination letter with the stated reason as "noncompliance to do the required work." Plaintiff alleges this reason is pretextual, and the "real reason was for her willingness to report workplace harassment."

On January 12, 2024, Keen and the Church moved to dismiss all of Plaintiff's claims (relevant to the instant motion to stay) because, per the complaint, Plaintiff was a ministerial employee, and her grievances arise from her employment at the Church. Thus, Defendants assert, as a matter of law, her claims are barred by the ministerial exception. [Doc. No. 7]. Plaintiff responded in opposition to the motion [Doc. No. 16] and Defendants submitted their reply in support on February 21, 2024. [Doc. No. 24].

On March 5, 2024, Defendants filed the instant motion to stay all discovery. Per the docket, there are currently no outstanding pending requests for discovery.

In support of the motion to stay discovery, Defendants assert, citing *Bryce v. Episcopal Church in the Diocese of Colo.,* 289 F.3d 648, 654 (10th Cir. 2002), that the ministerial exception, upon which their 12(b)(6) motion to dismiss is premised, is akin to the qualified immunity enjoyed by government officials from suit and our federal courts routinely stay all discovery pending its rulings on motions asserting immunity defenses. *See* L.U. Civ. R. 16(b)(3)(B). Defendants further note that no discovery is needed to resolve motions to dismiss under Fed. R. Civ. P. 12(b)(6) because such motions are decided on the face of the pleadings. *See Landry v. Air Line Pilots Ass'n International AFLCIO,* 901 F.2d 404, 435-36 (5th Cir.

1990). And, a stay of discovery is appropriate where, as here, the disposition of a motion to

dismiss might preclude the need for the discovery altogether, thus saving time and expense. *Id.*

 In opposition to the motion the plaintiff asserts in relevant part:

> In determining whether a stay is appropriate pending the resolution of *another case*, a district court must consider various competing interests, including: (1) the potential prejudice to plaintiffs from a brief stay; (2) the hardship to defendants if the stay is denied; and (3) the judicial efficiency in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

> I.  Stay of Discovery would irreparably injure Plaintiff

> …Completion of discovery in some instances is desirable and necessary before a court can determine that there are genuine issues as to the material facts, especially when a party claims the necessary information rests within the possession of the party seeking *summary judgment* …. If a stay were to be granted, Plaintiff would incur additional months of financial hardship. Denying the motion to stay would mean that Plaintiff *would get relief and justice sooner*. Additionally, a stay in discovery *may* lead to concerns about the preservation of evidence…. Staying discovery would *not* be duplicative nor would it be a waste of resources.

> II.  Denial of Motion would not Result in Hardship to Defendants

> There would be no hardship to Defendants if the motion was denied. Discovery is a natural process of the litigation proceedings …. If this court were to deny the stay, judicial efficiency would be promoted….

Pl.'s Memo in Support of Response in Opposition to Defendants' Motion to Stay (Doc. No. 28 at pp. 1-4) (emphasis in italics added by the court).


**Law and Analysis**


The decision whether to stay discovery until the resolution of preliminary questions that

may dispose of the case falls within the broad discretion and inherent power of the trial court.

*Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). However, the mere fact a Rule 12(b)(6)

motion has been filed does not necessitate a stay of discovery pending a ruling. *See Knoth v.*

*Southwest Miss. Reg'l Med. Ctr.*, No. 5:18-cv-49-DCB-MTP, 2019 WL 6110056, at 1* (S.D.

Miss. Aug. 9, 2019). And, as explained in *United States ex rel. Monsour v. Performance Accts. Receivable, LLC*, No. 1:16-CV-00038-HSO-JCG, 2021 WL 11707656, at *1 (S.D. Miss. Sept. 29, 2021), while this Court's Local Rules provide for a stay of discovery on a motion to dismiss asserting immunity or a jurisdictional defense, there is no mention of a discovery stay upon the filing of a Rule 12(b)(6) motion for failure to state a claim. L. U. Civ. R. 16(b)(3)(B). Rather, Federal Rule of Civil Procedure 26(c)(1) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). To establish "good cause" under Rule 26(c), "courts have insisted on a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101-02 n.16 (1981) (quoting 8 C. Wright & A. Miller, Fed. Prac. & Proc. Civ. § 2035, at 265).

Here, as Defendants have explained, and the court agrees, the ministerial exception, which serves as the basis for Defendants motion to dismiss, may dispose of this cause in its entirety should the District Judge find it applicable here. Moreover, Plaintiff does not argue that additional discovery is necessary to decide whether the exception applies. Instead, Plaintiff argues that "completion of discovery in some instances is desirable and necessary … before a court can determine that there are genuine issues as to the material facts … [on] summary judgment…." However, this is not a summary judgment motion, nor does Plaintiff make any showing that this is a case where such discovery is needed in order to decide the 12(b)(6) motion to dismiss, much less, what, if any, specific discovery is necessary.

Additionally, Plaintiff's reliance on *Trahan v. BP*, Civil Action No. H-10-3198, 2010 WL 4065602, at *1 (S.D. Tex. Oct. 15, 2010), is equally unpersuasive since that case concerned

whether a stay was appropriate in favor of permitting *another case* to proceed. (emphasis added).
That circumstance is not applicable here.

Ultimately, the undersigned is persuaded that there is good cause to stay this matter. The motion to dismiss has been fully briefed as of February 21, 2024, and is currently before the District Judge. Should the District Judge find that the ministerial exception applies, then this case may be resolved in its entirety without the need for any discovery.

THEREFORE, IT IS ORDERED that Defendants' motion to stay discovery is granted. All discovery in this matter is hereby STAYED, pending the earlier of a *sua sponte* order lifting the discovery stay, or resolution of Defendants' motion to dismiss.

**SO ORDERED AND ADJUDGED**, this the 26th day of March, 2024.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**